3UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tambria Lee, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. H-21-1901 | |
| § | | |
| § | | |
| Southwest Airlines Company, § | | |
| *Defendant*. § | | |

## MEMORANDUM AND RECOMMENDATION

This employment discrimination case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 7. Pending before the court are Defendant's Second Motion to Dismiss as a Sanction, ECF No. 100; Attorney Chukwudi Egbuonu's Motion to Withdraw, ECF No. 103; and Tambria Lee's motion for additional time to seek new counsel and grieve with her family, ECF No. 110. The court recommends that the Motion to Dismiss as a Sanction be **GRANTED**. Egbuonu's motion to withdraw is **GRANTED**. The motion for additional time is **GRANTED IN PART AND DENIED IN PART**.

### 1. *Background and Timeline*

Lee filed this lawsuit on June 10, 2021. ECF No. 1. The case was referred to the undersigned on June 17, 2021. ECF No. 7. After granting a joint motion for continuance, the court held a scheduling conference on October 19, 2021, and entered a scheduling order, ECF No. 18.

Less than two months later, on December 7, 2021, Lee's first lawyer, Alex Conant, filed a motion to withdraw as counsel. ECF No. 20. The main reason for seeking withdrawal was that representation of Lee had become "unreasonably difficult." *Id.* at 1.

Conant stated that "Plaintiff has repeatedly stated that she is dissatisfied with the decisions [he and his co-counsel] made in their representation of her" and that he believed "that professional and ethical considerations require termination of the representation." *Id.* On December 21, 2021, the court held a hearing on the motion, ordered Lee to confer with her lawyer, and reset the hearing on the motion. Dec. 21, 2021 Min. Entry. The court held another hearing on February 3, 2022, and, believing that Lee and Conant could work out their differences, denied the motion without prejudice. ECF No. 24.

On March 30, 2022, Conant filed his second motion to withdraw. ECF No. 26-1. The motion describes differences of opinion between Lee and Conant, but also states that "Plaintiff has continually communicated disrespectfully to Movants and Movants' office staff." *Id.* at 2. The motion explains that, while Lee told the court she was quite pleased with Conant, Lee would later reprimand Conant and his staff for failing to "appreciate" her. *Id.* at 3. Conant explained that Lee had sent eighty-five emails in a thirty-day period, of which thirty-five percent "were aggressive, made unreasonable requests, contemplated a conspiracy against her, or were unrelated to Movants' representation of her." *Id.* at 6. Lee opposed the motion. ECF No. 29. She was concerned that hiring another attorney would result in delay, but also admitted that she sometimes "react[s] to adversity with emotion and sometimes quite visceral." *Id.* at 1. She also detailed several complaints she had about her union counsel and the arbitrator. *Id.* at 3.

On April 18, 2022, the court granted the second motion to withdraw in a written order. ECF No. 30. The court concluded that Lee and her lawyers did not agree about how the case should be resolved and that the attorney-client relationship had "broken down completely." *Id.* at 2. The court found that Lee did not trust

2

her lawyers, was not listening to them, and wanted to litigate her case in a manner that her lawyers thought imprudent. *Id.* The court also found "[t]he court's overall reading of the emails between client and counsel indicate that the case has been rendered unreasonably difficult by Ms. Lee." *Id.*

Lee's second lawyer Hirsh Julian Frachtman made his appearance on May 31, 2022. ECF No. 34. The case proceeded as normal between May 2022 and March 2023, when Frachtman filed his first motion to withdraw as counsel. *See* ECF No. 59. Frachtman explained that irreconcilable differences had arisen between him and Lee. *Id.* at 1–2. Frachtman stated that Lee wanted to pursue an unrealistic strategy diametrically opposed to his advice; continually disregarded and challenged his advice; and continually communicated disrespectfully with him and his staff. *Id.* at 2. According to Frachtman, he had to limit communications with Lee to writing because he could not speak to her over the phone. *Id.* As before, on March 9, 2023, the court held a hearing and attempted to mediate the dispute. Believing the problems had been solved, the court denied the motion "without prejudice to refiling if similar attorney-client problems arise in the future." ECF No. 62.

On September 18, 2023, Southwest filed its first Motion for Sanctions and Motion to Compel Deposition. ECF No. 69. In the motion, Southwest explains that it noticed and scheduled Lee's deposition on three separate occasions, but she failed to sit for her deposition. *Id.* at 1. According to Southwest, Lee had six weeks' notice of her first deposition, but cancelled it on short notice because she had vacation plans. Southwest eventually noticed the deposition for July 24, 2023. Lee arrived at the deposition in apparent good health but began coughing uncontrollably and had to be excused. *Id.* at 1–2. The court has reviewed the video of the events described in Southwest's motion and agrees that Lee

3

initially appears to be in no acute distress until the questioning begins, when she starts to cough uncontrollably and excuses herself from the room. ECF No. 72. Lee claimed to have sought medical attention, but evidence of that has yet to be produced. The unplanned vacation and coughing fit required the court to amend the schedule and extend the discovery deadline. ECF No. 64. Southwest scheduled the deposition for a third time and requested that the court enter an order compelling Lee to sit for her deposition, which was set for October 4, 2023. ECF No. 69 at 2.

Before the third attempt to conduct Lee's deposition could take place, Mr. Frachtman filed his Second Motion to Withdraw as Attorney of Record. ECF No. 70. In the Second Motion, Mr. Frachtman reminded the court that, in connection with the hearing on Frachtman's first motion to withdraw, Frachtman and Lee spent three hours in the court's jury room working through their differences, after which the court admonished Lee to make every attempt to cooperate with her counsel. *Id.* at 2. Mr. Frachtman explained, "During the hearing, in conference, Plaintiff stated that 'the old Tambria was gone' and she would not speak to Movant or Movants staff in a disrespectful or argumentative manner." *Id.* at 3. Frachtman placed the blame for discovery delays squarely on Lee. *Id.* As reasons for moving to withdraw a second time, Frachtman reiterated that Lee sought to pursue a strategy that was unrealistic, unserious, and against his advice and that Lee continually communicated with Frachtman and his staff in a disrespectful, aggressive and condescending manner. *Id.* According to Frachtman, Lee's emails would generally end in a cordial tone, with words of "thanks" and "appreciation," but her personal conduct toward him and his staff was to the contrary. *Id.* at 4. Frachtman explained in the Second Motion that he attempted without success to obtain documentation from Lee showing that she actually had a medical emergency during the second

4

deposition. *Id.* at 5. The Second Motion also explained that Lee was resistant to sitting for her deposition, and that her plan was to obstruct her deposition if she did have to sit for it. *Id.* at 6.

On September 27, 2023, the court held a hearing on Frachtman's Second Motion to Withdraw and Southwest's Motion for Sanctions. ECF No. 75. Among other things, the court granted the motion to withdraw and ordered that Lee's deposition would take place by October 31, 2023. *Id.* The court also ordered that by October 6, 2023, Lee would provide four dates on which she would be available for her deposition; Lee would provide documentation showing where she was and what she was doing on June 29, 2023 (the first date noticed for her deposition); and Lee would provide documentation of her visit to Kelsey-Seybold Clinic on July 24, 2023 (the day she had a coughing fit ending her deposition). *Id.* The court also admonished Lee that "failure to participate in this case will result in sanctions including dismissal of this case." *Id.* at 2; *see also* ECF No. 82 at 34–35.

On October 20, 2023, Southwest filed its Motion to Dismiss, ECF No. 84, seeking dismissal of Lee's case as a sanction for failing, among other things, to comply with the court's September 27, 2023 Order. According to Southwest, Lee failed to produce documents relating to her whereabouts during the first two scheduled depositions, failed to respond to Southwest's discovery deficiency letter, and failed to provide dates for her deposition. *Id.* at 1. On November 13, 2023, Lee's third lawyer, Chukwudi Egbuonu, made his appearance. ECF No. 89. Egbuonu also filed a response to Southwest's Motion to Dismiss on behalf of Lee. ECF No. 90. Egbuonu argued that Lee had substantially complied with the court's September 27, 2023 Order. ECF No. 90 at 1. The court set a hearing on the motion for November 30, 2023. ECF No. 91.

Two days before the hearing, Egbuonu filed his motion to withdraw from representing Lee. ECF No. 93. Egbuonu argued

that "[r]ecently, disagreements have arisen between Plaintiff and her attorney[,] and communication has become difficult and unproductive. Counsel cannot effectively represent Plaintiff under these circumstances." *Id.* at 1. The court held a hearing on the motion on November 30, 2023. ECF No. 94. At the hearing, Mr. Egbuonu explained that, prior to taking Lee's case, he had specific conversations with her about his expectation that she communicate with him in a respectful manner. ECF No. 96 at 5. Egbuonu indicated that Lee had crossed the line and was treating him with disrespect. *Id.* at 6 (stating that, despite Lee's commitment to treat Egbuonu with respect, she completely reversed course). The court credited Egbuonu's statements. *Id.* at 8. The court again strongly admonished Lee to act with respect toward her lawyer. *Id.* at 9. Given Lee's agreement to the court's terms, the court denied the motion to withdraw without prejudice. *Id.* at 9; *see also* ECF No. 94. The court also denied Southwest's Motion to Dismiss without prejudice. ECF No. 94.

At the hearing, the court also reviewed point by point each of the orders given to Lee in the previous hearing. *See* ECF No. 96 at 7–14. Lee had done virtually nothing that the court ordered. *See id.* The court ordered that Lee's deposition would take place in the undersigned's courtroom on January 10, 2024. *Id.* at 25–26; *see also* ECF No. 94 at 1. The court ordered that Lee's failure to attend her deposition would result in a recommendation that this case be dismissed with prejudice. ECF No. 96 at 32; *see also* ECF No. 94 at 1. The court also again ordered that, by December 8, 2023, Lee produce documentation of her whereabouts during the first two attempts to depose her and that she respond under penalty of perjury to Southwest's September 27, 2023 discovery letter. ECF No. 94 at 1–2. The court again admonished Lee that "failure to comply with all of the court's orders will result in a recommendation that this case be dismissed with prejudice." *Id.*

at 2. The undersigned also stated directly to Lee in open court, "I'm going to give you these orders, I'm going to tell you what to do, and then if you don't do it, this – your case will, in fact with no more discussion be dismissed. I will dismiss your case. Do you understand that?" ECF No. 96 at 21. Lee responded, "Yes, Your Honor." *Id.*

On December 15, 2023, Southwest filed its Second Motion to Dismiss as a Sanction. ECF No. 100. Southwest complained that Lee had again ignored the court's orders to provide documentation showing her whereabouts during the first two deposition attempts and to respond to Southwest's claimed discovery deficiencies. *Id.* at 1. On January 2, 2024, Egbuonu filed his second Motion to Withdraw from his representation of Lee. ECF No. 103. According to Egbuonu, Lee had "discharged and terminated [his] services . . ." *Id.* at 1. While Egbuonu could not elaborate on the details of his interactions with Lee, he did state that "communication between Client and Movant is difficult and unproductive." *Id.* at 2. He stated that Lee had "failed to fully and timely respond[] to [his] request for information in order to comply with this Court's November 30, 2023 Order." *Id.* Finally, according to Egbuonu, "Such a lack of cooperation has reduced the ability of Movant to provide adequate representation to Plaintiff and renders an ongoing attorney/client relationship difficult, if not impossible." *Id.* Southwest then sought a hearing and complained that Lee had not complied with the court's December 8, 2023 deadline to produce information that had, by then, been ordered to be produced multiple times. *See* ECF No. 105.

On January 3, 2024, Lee forwarded an email to the court stating that she had a death in the family and requesting "a delay until [she could] get this matter taken care of, and able to focus on [her] case." ECF No. 108. On January 5, 2024, the court held a hearing on the pending motions. At the hearing, counsel for both

7

parties agreed that Lee's failure to comply with the court's November 30, 2023 Order would essentially render Lee's deposition a waste of time. ECF No. 113 at 2–3. Although Mr. Egbuonu was reluctant to confirm it, counsel for Southwest understood Lee's January 3, 2024 email to indicate that Lee had no intention of attending her January 10, 2024 deposition. *Id.* at 3. The court agrees. The court took the pending motions under advisement and vacated the live scheduling order. ECF No. 107.

### *2. Egbuonu's Motion to Withdraw*

Motions to withdraw are governed by Texas Disciplinary Rule of Professional Conduct (TDRPC) 1.15. As it is relevant here, counsel may be permitted to withdraw if "a client insists upon pursuing an objective that the lawyer considers . . . imprudent or with which the lawyer has fundamental disagreement." TDRPC 1.15(b)(4). Withdrawal is also permitted when "the representation . . . has been rendered unreasonably difficult by the client." TDRPC 1.15(b)(6). The court also may allow withdrawal for other good cause. TDRPC 1.15(b)(7).

The pending motion to withdraw, ECF No. 106, is the sixth such motion to be filed in this case. Every previous motion to withdraw recites the same type of behavior on Lee's part. She seeks to resolve her case in a manner that her lawyers believe to be unwise and imprudent; she does not listen to or cooperate with her lawyers; and she treats her lawyers and their staff with disrespect. While the pending motion is very scant on details, it is current counsel's second motion and states that Lee is not cooperating with counsel and has failed to respond to counsel's requests for information. ECF No. 103 at 2. Egbuonu states that Lee's lack of cooperation "renders an ongoing attorney/client relationship difficult, if not impossible." *Id.* The court concludes that Lee has rendered the representation unreasonably difficult.

Withdrawal is warranted, and the Motion to Withdraw, ECF No. 103, is **GRANTED**.

### 3. *Southwest's Motion to Dismiss as a Sanction*

When a party fails to obey a discovery order, the court may impose sanctions, including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(v). The court is also authorized to impose sanctions when a party fails to attend her own deposition. Fed. R. Civ. P. 37(d). District courts have broad discretion in crafting appropriate sanctions under Rule 37. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Sanctions other than litigation-ending or "death penalty" sanctions must be just and related to the particular issue addressed by the discovery order that was violated. *Id.* On the other hand, before litigation-ending or "death penalty" sanctions can be imposed, the court must consider: (1) whether the discovery violation was willful or done in bad faith; (2) whether fault lies with counsel or the client; (3) prejudice; and (4) whether lesser sanctions would achieve the desired deterrent effect. *Id.* at 758–59.

Similarly, Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *See id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that

the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

On the record in this case, the sanction of dismissal is warranted. The court will consider first Lee's failure to attend her own deposition. Her first deposition was scheduled for June 29, 2023. She missed it because she was allegedly on vacation. She has never produced any information to show what she was doing on that day. She did produce a screen shot of a receipt from Costco showing that she spent $10 there on the day in question. The court concludes that Lee simply decided not to attend her deposition. Her second deposition was scheduled for July 24, 2023, and ended quickly in her having a coughing fit. While there is some debate about whether she was actually in medical distress, the video shows Lee to be in apparent good health initially but becoming overcome with coughing as she begins to answer the very first question. She has never produced any information showing that she suffers or then suffered from any medical condition that would have caused the symptoms she exhibited on that day. It is undisputed that she did not receive medical attention that day.

As for subsequent efforts to depose Lee, she has subverted those over and over through her own failures to produce discovery and by constantly arguing with and mistreating her lawyers. Admittedly, Lee has not outright refused to be deposed. She has, however, thrown up obstacles to sitting for her deposition, and her failure to produce required discovery has rendered wasteful any further attempt to take her deposition. The last attempt to take

Lee's deposition is instructive. The court held a hearing on November 30, 2023, and ordered that Lee be deposed in the undersigned's courtroom on January 10, 2024. ECF No. 94. The court ordered that she turn over certain categories of documents by December 8, 2023. *Id.* Instead of refusing to sit for her deposition, Lee did the functional equivalent—she refused to fully comply with the court's discovery orders, which was a necessary predicate to having a productive deposition. She refused to sign authorization forms with which records could be obtained, and she refused to sign her discovery responses under oath as the court ordered. ECF No. 100-1. Simultaneously, she continued to battle with her lawyer, forcing him to move to withdraw. ECF No. 103. At the final hearing in the case, the court decided to cancel all deadlines. It is clear to the court that Lee is never going to cooperate with the conduct of her deposition.

The court concludes that Lee's failure to sit for her deposition and her actions that made scheduling her deposition nearly impossible are willful on her part and not the fault of her counsel. Southwest has been prejudiced, not only in terms of delay, but in terms of cost and harassment. No lesser sanctions will achieve the desired effect of deterring future similar behavior. The court has held many hearings, has ordered Lee to cooperate, has admonished her, and has told her that dismissal was a very real possibility. The court has refused Southwest's invitation to dismiss this case at least twice now in favor of resolving this case on its merits. None of the court's efforts have been productive. Dismissal is the only possible sanction.

Lee's failure to cooperate in her own deposition does not stand in isolation. She has repeatedly failed to comply with the court's orders. While Lee attempts to blame her failures on her lawyers, the court is not convinced. During the hearing on October 17, 2023, the court granted Mr. Frachtman's motion to withdraw

11

and then gave Lee several directives with which she was to comply, with or without a lawyer. ECF No. 82 at 16–24. During the December 7, 2023 hearing, at which the court denied Egbuonu's motion to withdraw, the court reviewed the transcript of the prior hearing with Lee and discovered that she had simply disregarded many of the court's orders. ECF No. 96 at 12–18. Even with the assistance of counsel she flatly refuses to comply with the court's order that she submit certain information to opposing counsel under oath. ECF No. 100-1. She offers no excuse for her blatant failure to obey court orders.

The record here shows purposeful delay and contumacious conduct by the plaintiff herself, not her lawyers. As mentioned above there are no lesser sanctions available. Admonishments and orders have no effect in this case. Prejudice in the form of time, cost, and inconvenience to Southwest is clear. Failure to dismiss this case will inevitably result in exactly the same sort of conduct that has been ongoing for years now. Lee's conduct is puzzling and inexplicable, but it is also completely intentional.

### *4. Lee's Motion for Additional Time*

On January 10, 2024, Lee filed a motion for additional time to seek new counsel following the death of her uncle. *See* ECF No. 110. That motion has been pending for five months now, and Lee has not reported any results of her search to the court. Nor has new counsel appeared on Lee's behalf. Because the court has now given Lee five months to seek new counsel and grieve for her uncle, the motion is **GRANTED IN PART** as to the time already allowed. Because the court concludes that five months is more than sufficient under the facts of this case, the motion is **DENIED IN PART** as to any further delay.

### *5. Conclusion*

The court recommends that the Motion to Dismiss as a Sanction be **GRANTED**. Egbuonu's motion to withdraw is

**GRANTED.** Because five months have passed with no activity, Lee's motion for additional time is **GRANTED IN PART AND DENIED IN PART.**

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on June 6, 2024.

_____
Peter Bray
United States Magistrate Judge