IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMBRIA LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01901 |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION FOR ATTORNEY'S FEES

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Defendant Southwest Airlines Co. ("Defendant" or "Southwest") moves this Court for an order awarding it attorney's fees incurred in responding to Plaintiff's baseless Rule 60(b) motion for relief from judgment.

### I.
### SUMMARY OF THE ARGUMENT

Instead of briefing her appeal in this matter, Plaintiff continues to harass Southwest by filing frivolous motions and making baseless allegations impugning the conduct of Southwest, its counsel, Plaintiff's former counsel, and the Court. Each time, Southwest is forced to incur attorney's fees responding to these meritless filings. In the most recent instance, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) on November 1, 2024. Plaintiff argued relief was proper under Rule 60(b)(3) because Southwest, her prior counsel, and the Court engaged in fraudulent behavior or made material misrepresentations to Plaintiff or the Court. But these arguments were all previously rejected by the Court or baseless and unsupported by any evidence.

Making inflammatory accusations of fraud without a reasonable basis is the epitome of bad faith sanctionable conduct. But nevertheless, Southwest had to respond to Plaintiff's bad faith

motion, and in so doing unnecessarily incurred $4,845 in attorney's fees. Southwest now seeks reimbursement of those fees pursuant to the Court's inherent authority to sanction parties' bad faith conduct in litigation.

## II.
## STATEMENT OF RELEVANT FACTS

Plaintiff filed her original Complaint against Southwest on June 10, 2021.[1] After three years of attempting to litigate Plaintiff's claims to no avail due to Plaintiff's litigation misconduct, on July 3, 2024, the Court dismissed Plaintiff's case as a sanction.[2] On August 1, 2024, Plaintiff appealed the Court's ruling.[3] Three months later, on November 1, 2024, Plaintiff filed her Motion Seeking Relief Under Rule 60(b) ("Rule 60(b) Motion").[4] In this motion, Plaintiff sought relief on wholly frivolous grounds which include allegations that she was prevented from fairly presenting her case to the Court because: 1) Southwest made misrepresentations to the Equal Employment Opportunity Commission during its investigation; 2) Southwest made fraudulent misrepresentations to an arbitrator regarding a backpay award; 3) Southwest's counsel fraudulently refused to answer Plaintiff's discovery responses because it lodged objections to requests; 4) Plaintiff's prior counsel committed misconduct; and 5) the Court's conduct in adjudicating her counsels' motions to withdraw.

Southwest filed a response on November 20, 2024, in which it argued the motion should be dismissed on several grounds, including that it was entirely meritless and not filed within a reasonable time period.[5] On January 9, 2025, the Magistrate Judge issued a Report and

---

[1] *See* Dkt. No. 1.
[2] *See* Dkt. No. 121.
[3] *See* Dkt. No. 125.
[4] *See* Dkt. No. 131.
[5] *See* Dkt. No. 136. Southwest also asked the Court to award it attorney's fees incurred responding to Plaintiff's baseless Rule 60(b) Motion in its opposition. Dkt. No. 136 at 9-11. While this was permissible, *Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 22-

Recommendation that the District Court deny Plaintiff's Rule 60(b) Motion.[6] In this order, the Magistrate Judge explained that "[t]he reasons for dismissal in this case have nothing to do with Southwest or its counsel" but rather was "dismissed because Lee mistreated and refused to cooperate with her lawyers, refused to comply with court orders, and refused to sit for her deposition."[7] The Magistrate Judge further opined that Plaintiff "failed to demonstrate that any fraud or misconduct has taken place" at all, let alone proving it "by clear and convincing evidence" and further noted that she also "failed to demonstrate that Southwest, her counsel, or this court in any way prevented her from presenting her case."[8] The District Court adopted the Report and Recommendation on January 27, 2025.[9]

### III.
### ARGUMENT & AUTHORITIES

**A.     Legal Standard**

Federal courts possess an "inherent power to police the conduct of *litigants and attorneys* who appear before them." *In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024), *cert. denied sub nom. Rudder v. USDC ND TX*, No. 24-368, 2024 WL 5011722 (U.S. Dec. 9, 2024) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991) (emphasis added)). These inherent powers are not conferred by statute, and include the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Chambers*, 501 U.S. at 44-45). One such possible sanction is "assessment of attorney's

---

30548, 2023 WL 2967893, at *3 (5th Cir. Apr. 17, 2023), *cert. denied*, 144 S. Ct. 187 (2023), the Court denied Southwest's request for procedural reasons without passing on the merits of the request. Dkt. Nos. 139 at 3, 140. This motion therefore does not seek to re-litigate the merits of Southwest's request for award of attorney's fees in relation to Plaintiff's Rule 60(b) Motion.
[6] *See* Dkt. No. 139.
[7] Dkt. No. 139 at 2.
[8] Dkt. No. 139 at 2-3.
[9] *See* Dkt. No. 140.

fees" requiring "a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.* As the Fifth Circuit recently held, awarding such sanctions to a party forced to respond to a meritless Rule 60(b) motion is proper under Rule 54(d), specifically as contemplated by Rule 54(d)(2)(E). *Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 22-30548, 2023 WL 2967893, at *3 (5th Cir. Apr. 17, 2023), *cert. denied*, 144 S. Ct. 187 (2023).

Prior to awarding sanctions, however, the Court must make a "specific finding that the [sanctioned party] acted in bad faith." *Kennard L. P.C. v. United Airlines, Inc.*, No. 23-20430, 2024 WL 3717272, at *4 (5th Cir. Aug. 8, 2024) (citing *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998)). As the Fifth Circuit recently explained:

> Bad faith exists when a party knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Portillo v. Cunningham*, 872 F.3d 728, 740 n.29 (5th Cir. 2017); *see also Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 n.4 (5th Cir. 2015) ("Bad faith implies that a litigant intentionally took a position he subjectively knew was unfounded.").

*Id.*

Upon a finding of bad faith, the sanctions awarded should be compensatory in nature and "go no further than to redress the wronged party for losses sustained" after application of a "but-for test" linking the legal fees awarded to "the litigant's misbehavior." *Quantlab Techs. Ltd. (BVI) v. Godlevsky*, 317 F. Supp. 3d 943, 948-49 (S.D. Tex. 2018) (citing *Goodyear*, 581 U.S. at 107-08).

**B.    Southwest Is Entitled to Attorney's Fees for Respondent to Plaintiff's Rule 60(b) Motion**

**1.    Plaintiff Filed her Rule 60(b) Motion in Bad Faith.**

Plaintiff's Rule 60(b) Motion was filed in bad faith. The motion was frivolous because it sought to do nothing more than litigate issues that have no relevance to the Court's order

dismissing this matter and did so by making baseless allegations and misrepresentations to the Court. Unsurprisingly, everything Plaintiff alleged in her Rule 60(b) Motion had nothing to do with her own conduct (which is the subject of the Court's dismissal order), and instead attempts to lay blame on everyone but herself, including her former attorney. Further, the content of the motion demonstrates its only real purpose was to continue Plaintiff's pattern of harassing Southwest, its counsel, and the Court, while taking no other actions to comply with Court orders or conclude this litigation.

First, the arguments Plaintiff raised in the Rule 60(b) Motion—even if true or supported by evidence (which they are not)—had no bearing on the reasons the case was dismissed. As the Magistrate Judge explained, the Court dismissed Plaintiff's suit because of *her own misconduct* and repeated refusal to comply with basic requirements of litigation, such as responding to discovery requests and sitting for a deposition. Instead of raising arguments intended to justify those actions or explain how Southwest's alleged fraudulent behavior caused Plaintiff not to comply with basic Court orders, she filed a motion taking no responsibility for her actions. In so doing, Plaintiff did not even attempt to explain how, for example, Southwest's alleged fraudulent behavior before the EEOC had any bearing on her ability to respond to discovery requests issued to her. Plaintiff's failure to even attempt to tie her allegations to the legal standard which could entitle her to relief demonstrates the frivolous and bad faith nature of her filing.

Second, Plaintiff demonstrated bad faith by making false assertions about Southwest's supposed conduct in 2021 that have no bearing on or relevance to the issues in this lawsuit generally or to the Rule 60(b) standard. Specifically, Plaintiff alleged in her Rule 60(b) Motion that Southwest "submitted fraudulent data at Plaintiff's monetary [arbitration] hearing on June 11, 2021." In support of this misrepresentation, Plaintiff argued that Southwest's calculations of

Plaintiff's make-whole remedy "is vastly different from Plaintiff's Union and her Economist make whole remedy calculations," and needlessly lists out the ways in which she claims that Southwest's calculations were "horrifying."[10] Unsurprisingly, Plaintiff completely omitted from her representations to the Court that the arbitrator, who ordered the make-whole remedy, already held that "the appropriate interpretation and/or application of the expression, 'make whole for wages and benefits,' is **identical** to the way in which [Southwest] interpreted and applied it."[11] In other words, not only did Plaintiff include irrelevant allegations about 2021, she did so with no evidentiary support for her position and in a manner that clearly misrepresented to the Court the situation, including that her allegation was already legitimately settled by an arbitrator. This is the hallmark of bad faith conduct in litigation.

Finally, the bad faith nature of Plaintiff's filing is evident when considering the filing in the context of her broader behavior in this litigation, much of which is outlined in the Court's order dismissing the case as a sanction for Plaintiff's misconduct. From this, it is clear Plaintiff's motion was intended to do nothing but harass Southwest and continue Plaintiff's overall pattern of bad faith, dilatory conduct. For example, Plaintiff filed this frivolous motion while simultaneously seeking her *fourth* extension of time to brief her appeal in this matter to the Fifth Circuit.[12] Combined, these filings suggest Plaintiff has no interest in pursuing her appeal of the Court's order dismissing her claim to a final disposition, but instead intends to keep the matter active so she can continue her misconduct of filing frivolous motions before the Fifth Circuit and this Court—while at the same time threatening Southwest and its counsel with negative consequences if they do not

---

[10] *See* Dkt. 131, at pp. 7-8.
[11] *See* Dkt. 136, Ex. 1, at p. 61 (emphasis added).
[12] The Fifth Circuit initially ordered Plaintiff to submit her opening appeal brief in this matter on October 2, 2025. As of Southwest filing this motion, Plaintiff has not submitted a brief and instead sought a *fifth* extension of time to file.

pay her the money she demands. The Court should not tacitly approve of this conduct by allowing Plaintiff to continue filing bad faith motions without sanction.

### 2. Southwest Seeks a Reasonable Fee Award Directly Traceable to Plaintiff's Bad Faith Conduct.

Southwest seeks in this motion an award only of attorney's fees incurred responding to Plaintiff's Rule 60(b) Motion. As such, there can be no dispute the fees Southwest seeks are compensatory in nature and directly tied to Plaintiff's bad faith conduct at issue in this filing. The remaining issue for the Court, then, is to determine whether the fees Southwest seeks are reasonable attorney's fees in responding to the Rule 60(b) Motion. As outlined below, Southwest seeks reasonable fees.

Attached hereto as Exhibit 1-A is the invoice evidencing the actual fees Southwest incurred preparing a response to Plaintiff's frivolous motion. In total, Southwest's counsel, Courtney Jackson, spent 11.4 hours reviewing Plaintiff's filing, corresponding with Southwest about the filing, and preparing the Company's response. Ms. Jackson bills Southwest at a rate of $425 per hour for her work on this matter, brining Southwest's total fees incurred because of Plaintiff's bad faith conduct with respect to her Rule 60(b) Motion to $4,845.

Ms. Jackson has been practicing law for approximately six years and specializes in the subject-matter at issue in this lawsuit—employment law. An attorney of her experience and expertise reasonably charges at a rate of $425 per hour in the Houston area.[13] *See* Exhibit 1. Similarly, the 11.4 hours Ms. Jackson spent responding to Plaintiff's filing spanning 140 pages with exhibits is reasonable given the length of the filing and complexity of the issues presented. *Id.* Each of the entries in Exhibit 1-A details how counsel spent her time, and do not reflect any

---

[13] Ms. Jackson is located in Dallas but for purposes of this motion compares her rate to those charged by comparable attorneys in the Houston area.

excessive, duplicative, or inadequately documented time worked in response to Plaintiff's Rule 60(b) Motion. *Id.*

## IV.
## CONCLUSION

For the reasons set forth herein, Southwest respectfully requests that the Court award Southwest its reasonable attorney's fees of $4,845 related to defending against Plaintiff's bad faith Rule 60(b) Motion serving no other purpose than to harass Southwest. The fees Southwest seeks are directly traceable to Plaintiff's bad faith conduct and purely compensatory in nature.

Dated: February 10, 2025

*Of Counsel:*

Courtney E. Jackson
Texas State Bar No. 24116560
Federal I.D. No. 3785459
cejackson@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201.2931
Telephone:  214.880.8100
Facsimile:  214.880.0181

Respectfully submitted,

*/s/ Jonathan G. Rector*
Jonathan G. Rector *(Attorney-in-Charge)*
Texas State Bar No. 24090347
Federal I.D. No. 2376006
jrector@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201.2931
Telephone:  214.880.8100
Facsimile:  214.880.0181

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, a true and correct copy of the foregoing was served on the following *Pro Se* Plaintiff via U.S. Mail and Email as follows:

Tambria Lee
5868 Westheimer Road, #164
Houston, Texas 77057
TambriaELee@gmail.com

*Pro Se Plaintiff*

*/s/ Jonathan G. Rector*
Jonathan G. Rector

4854-0281-7790.1 / 103917-1016